A CERTIFIED TRUE COPY
ATTEST

By Mecca Thompson on Feb 10, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Feb 10, 2009**

FILED
CLERK'S OFFICE

**IN RE: CHRYSLER LLC 2.7 LITER V-6 ENGINE
OIL SLUDGE PRODUCTS LIABILITY
LITIGATION**

MDL No. 2006

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiff in the action pending in the District of New Jersey has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of New Jersey.[1] Defendant Chrysler LLC (Chrysler) opposes the motion or, alternatively, suggests centralization in the Northern District of Illinois.

This litigation currently consists of five actions listed on Schedule A and pending in five districts, one action each in the Eastern District of California, the Middle District of Florida, the Northern District of Illinois, the District of New Jersey, and the Southern District of New York.[2]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of the allegation of a common defect in the 2.7 liter engine of several models of Chrysler vehicles for the years 1998 through at least 2003. Specifically, each action alleges that these engines are defectively designed, making them prone to the formation of oil sludge, which causes the engine to malfunction. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, Chrysler argues, *inter alia*, that (1) because the proposed classes do not overlap, there is no risk of duplicative discovery; (2) alternatives to centralization exist that can minimize any overlapping discovery or risk of inconsistent rulings, and the parties have already agreed to coordinate discovery procedures; and (3) the presence of common counsel in four of the

---

[*] Judge Hansen did not participate in the disposition of this matter.

[1] This plaintiff shares counsel with plaintiffs in the Eastern District of California, Middle District of Florida, and Northern District of Illinois actions, but the motion states that it is filed on behalf of the District of New Jersey plaintiff only.

[2] The Panel has been notified that an additional related action has been filed in the District of Massachusetts. This action will be treated as a potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

actions supports coordination among the parties as a superior method of streamlining discovery. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. These actions are nearly identical in terms of the facts alleged, and discovery undoubtedly will overlap. Centralization will enable one judge to streamline pretrial proceedings and make consistent rulings on discovery disputes, dispositive motions, and issues relating to experts. While informal coordination of these actions is commendable, Section 1407 transfer will ensure overall economies.

We are presented with five putative statewide class actions for five different states under each state's laws. While it is clear that discovery will overlap, class certification will vary. Therefore, the transferee judge may find that, eventually, the just and efficient conduct of these actions would best be served by suggesting to the Panel that the Panel remand these actions to the transferor courts for class certification considerations. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

We are persuaded that the District of New Jersey is an appropriate transferee forum for this litigation, inasmuch as the District of New Jersey action has been pending longer than the other actions. Accordingly, the transferee judge has had an opportunity to become familiar with the litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Faith S. Hochberg for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office

ATTEST:
WILLIAM T. WALSH, Clerk
United States District Court
District of New Jersey

By ..... JOHN ICKLAN
Deputy Clerk

_____
John G. Heyburn II
Chairman

J. Frederick Motz            Robert L. Miller, Jr.
Kathryn H. Vratil            David R. Hansen*
W. Royal Furgeson, Jr.       Frank C. Damrell, Jr.

IN RE: CHRYSLER LLC 2.7 LITER V-6 ENGINE
OIL SLUDGE PRODUCTS LIABILITY
LITIGATION                                                    MDL No. 2006

## SCHEDULE A

Eastern District of California

Lisa Stuart, et al. v. DaimlerChrysler Corp., C.A. No. 1:08-632

Middle District of Florida

Joan Capobianco v. DaimlerChrysler Corp., et al., C.A. No. 2:08-329

Northern District of Illinois

Don Harris v. DaimlerChrysler Corp., et al., C.A. No. 1:08-2638

District of New Jersey

Torrance Greene v. DaimlerChrysler Corp., et al., C.A. No. 2:07-1740

Southern District of New York

Stephanie Newman Durst v. Chrysler LLC, et al., C.A. No. 1:08-6180